J72QcapP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA

        v.                   19 CR 337 (JPO)
                            Plea

TODD CAPSER

            Defendant
------------------------------x

                           New York, N.Y.
                           July 2, 2019
                           10:00 a.m.


Before:

                 HON. J. PAUL OETKEN
                           District Judge


                   APPEARANCES

GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
SAM ROTHCHILD
BEN SCHRIER
    Assistant United States Attorney


FEDERAL DEFENDERS OF NEW YORK INC.
    Attorney  for Defendant
PHILIP L. WEINSTEIN

ALSO PRESENT:  Rachael Cartwright, FBI

1                 (Case called)

2                 DEPUTY CLERK:  Counsel, please state your names for

3        the record.

4                 MR. ROTHCHILD:  Good morning, your Honor.

5                 Sam Rothchild and Ben Schrier for the government.

6        We're joined at counsel table by Special Agent Rachael

7        Cartwright of the FBI.

8                 THE COURT:  Good morning.

9                 MR. WEINSTEIN:  Phil Weinstein, Federal Defenders on

10       behalf of Mr. Capser.

11                THE COURT:  Good morning.

12                Mr. Capser, I've been informed that you wish to plead

13       guilty to Count Two of the indictment which charges wire fraud

14       pursuant to a plea agreement.  Is that correct?

15                THE DEFENDANT:  Yes, your Honor.

16                THE COURT:  Before accepting your guilty plea, I'm

17       going to ask you a number of questions, and that's just so that

18       I can establish that you're pleading guilty because you are

19       guilty and not because of any undue pressure or anything else.

20                If you don't understand any of my questions or if at

21       any point you want to take a break to speak further with your

22       lawyer, please let me know.  All right?

23                THE DEFENDANT:  Yes, sir.

24                THE COURT:  You'll now be placed under oath.

25                (Defendant sworn)

1              THE COURT:  Mr. Capser, you're now under oath, and

2       that means if you answer any of my questions falsely, you could

3       be prosecuted for perjury for those answers.

4              Do you understand that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  What's your full name?

7              THE DEFENDANT:  Todd Michael Capser.

8              THE COURT:  How old are you, sir?

9              THE DEFENDANT:  I'm 47.

10             THE COURT:  How far did you go in school?

11             THE DEFENDANT:  Just under a bachelor degree, four

12      years, but I didn't get the actual degree.

13             THE COURT:  Where was that?

14             THE DEFENDANT:  Virginia Military Institute and the

15      college of Great Falls in Montana.

16             THE COURT:  Have you ever been treated or hospitalized

17      for any mental illness?

18             THE DEFENDANT:  I have not, no.

19             THE COURT:  Are you now or have you recently been

20      under the care of a psychiatrist or a doctor?

21             THE DEFENDANT:  No.  I go to my weekly court ordered

22      counseling therapy session.

23             THE COURT:  Have you ever been hospitalized or treated

24      for addiction to drugs or alcohol?

25             THE DEFENDANT:  No, your Honor.

1    THE COURT:  In the past 24 hours, have you taken any

2  medicine or pills or had any alcohol?

3    THE DEFENDANT:  No, I have not, your Honor.

4    THE COURT:  Are you taking any medication on a daily

5  basis?

6    THE DEFENDANT:  No, your Honor.

7    THE COURT:  And is your mind clear today?

8    THE DEFENDANT:  Yes, your Honor.

9    THE COURT:  And you understand what's happening in

10  this proceeding?

11    THE DEFENDANT:  I do, yes.

12    THE COURT:  Does either counsel have any doubt as to

13  the defendant's competence to plead at this time?

14    MR. ROTHCHILD:  No, your Honor.

15    MR. WEINSTEIN:  No, your Honor.

16    THE COURT:  Based on his responses to my questions and

17  his demeanor as I observe it, I find that the defendant is

18  competent to enter a guilty plea.

19    Mr. Capser, let me ask you whether you've had a

20  sufficient opportunity to discuss your case with your lawyer?

21    THE DEFENDANT:  I have, your Honor.

22    THE COURT:  Does that include having a sufficient

23  amount of time and opportunity to discuss the specific charge

24  you intend to plead to, as well as any defenses and the

25  consequences of pleading guilty?

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  Are you satisfied with your attorney's

3    representation of you?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  I'm now going to explain certain

6    constitutional rights, and the reason for that is these are

7    rights that you give up when you plead guilty.  So I want to

8    make sure you understand them.

9            Under the Constitution and laws of the United States,

10   you are entitled to a speedy and public trial by a jury on the

11   charges in the indictment.  Do you understand that?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  At that trial, you would be presumed

14   innocent, and the government would be required to prove you

15   guilty beyond a reasonable doubt by competent evidence before

16   you could be found guilty.  You would not have the burden of

17   proving you're innocent, but a jury of 12 people would have to

18   agree unanimously that you were guilty beyond a reasonable

19   doubt.  Do you understand that?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  At that trial, and at every stage of your

22   case, you'd have the right to be represented by a lawyer; and

23   if you could not afford one, one would be appointed to

24   represent you at all those stages of the case.  Do you

25   understand that?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  During a trial, the witnesses for the

3    government would have to come to court and testify in your

4    presence, and your lawyer would be able to cross-examine the

5    witnesses for the government, object to evidence offered by the

6    government, and issue subpoenas and offer evidence and compel

7    witnesses to testify in your defense.  Do you understand that?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  At a trial, although you'd have the right

10   to testify if you chose to, you would also have the right not

11   to testify, and no inference or suggestion of guilt could be

12   drawn from the fact that you did not testify if that's what you

13   chose.  Do you understand?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Also, if you were convicted at a trial,

16   you'd have the right to appeal that verdict to the Court of

17   Appeals.  Do you understand that?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Even at this time as you're entering this

20   plea, you do have the right to change your mind and continue to

21   plead not guilty and have a trial on the charges in the

22   indictment.  Do you understand?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  And if you plead guilty and I accept your

25   plea, you'll be giving up your right to a trial and the other

1    rights I just described.  There will be no trial, but, rather,

2    I will enter a judgment of guilty on the one count referred to

3    in the plea agreement, and then that becomes a conviction on

4    that count, and I will sentence you on the basis of that guilty

5    plea, which, as I said, is a conviction.

6            I won't sentence you today, but I will sentence you on

7    a date to be set a few months from now, and I will do that only

8    after considering any written submissions from the parties as

9    well as a presentence report that the probation department will

10   prepare.  Do you understand that?

11           THE DEFENDANT:  Yes, your Honor.

12           THE COURT:  If you plead guilty, you'll have to give

13   up your right not to incriminate yourself because I will ask

14   you questions about what you did just to satisfy myself that

15   you are in fact guilty.  Do you understand?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  You previously received a copy of the

18   indictment containing the charges in this case.  Is that right?

19           THE DEFENDANT:  Yes.

20           THE COURT:  And you understand the nature of those

21   charges?

22           THE DEFENDANT:  I do, your Honor.

23           THE COURT:  All right.  Mr. Rothchild, would the

24   government like to state the elements of the offense?

25           MR. ROTHCHILD:  Yes, your Honor.

1          THE COURT:  Which is Count Two, the one that he's

2     pleading to in the agreement.

3          MR. ROTHCHILD:  That's correct.  That's the wire fraud

4     count.  There are three elements of that count:

5          One, that the defendant devised a scheme to defraud or

6     to obtain money or property by materially false or fraudulent

7     pretenses, representations, or promises or willfully

8     participated in such a scheme with knowledge of its fraudulent

9     nature;

10          Two, that the defendant acted with the intent to

11     defraud;

12          And, three, that in advancing, furthering, or carrying

13     out the scheme, the defendant transmitted any writing, signal

14     or sound by means of a wire, radio, or television communication

15     in interstate commerce or caused the transmission of any

16     writing, signal, or sound of some kind by means of a wire,

17     radio, or television communication in interstate commerce.

18          THE COURT:  Thank you.

19          I want to explain the maximum possible penalty for

20     this offense.  Under the statute, there's a maximum of 20

21     years' imprisonment.  There's a maximum fine of the greatest of

22     $250,000, or two times the total gain from the offense to you

23     or two times the total loss to others from the offense.  And

24     there's a $100 special assessment which is mandatory.

25          There's also a maximum term of supervised release of

1    three years.  Supervised release means essentially like

2    probation; that you're subject to monitoring following any

3    release from imprisonment.  And there are terms of supervised

4    release that you must comply with, and if you fail to comply

5    with them, you can be returned to prison without a jury trial.

6         Also, as part of the plea agreement, you admit the

7    forfeiture allegation with respect to Count Two and agree to

8    forfeit to the United States a sum equal to $43.3 million in

9    United States currency representing any and all property

10   derived from proceeds traceable to the offense, and also as

11   part of the plea agreement pursuant to my authority at

12   sentencing there will be restitution ordered to victims also in

13   the amount of $43.3 million.

14        Are you a United States citizen?

15        THE DEFENDANT:  Yes, I am, your Honor.

16        THE COURT:  I also want to explain that if your

17   attorney or anyone has attempted to predict what your sentence

18   will be, that I'm the one who's going to determine your

19   sentence.  So any prediction is not necessarily certain or

20   true.  I'm only going to decide after considering the

21   submissions I described, including a presentence report,

22   consider the Sentencing Guidelines, any departures or variances

23   from it, and ultimately determine what an appropriate sentence

24   is for you under statutory factors in the statute of 18 U.S.C.

25   Section 3553(a).  And even if your sentence is different from

1    what anyone has told you it might be or what you expect, you

2    will still be bound by your guilty plea and not be allowed to

3    withdraw your plea of guilty as to this count.

4                Do you understand that?

5                THE DEFENDANT:  Yes, your Honor.

6                THE COURT:  Has anyone threatened you or forced you in

7    any way to plead guilty?

8                THE DEFENDANT:  No, your Honor.

9                THE COURT:  And did you sign a plea agreement today?

10               THE DEFENDANT:  I did, your Honor.

11               THE COURT:  I have a copy of a plea agreement with a

12   cover date of June 18 that appears to have your signature.  Did

13   you sign this today?

14               THE DEFENDANT:  I did, your Honor.  Yes.

15               THE COURT:  And did you have a chance to read the

16   agreement and discuss it with your lawyer before you signed it?

17               THE DEFENDANT:  I did.  Yes, sir.

18               THE COURT:  Do you understand everything that's in the

19   agreement?

20               THE DEFENDANT:  I do.  Yes, your Honor.

21               THE COURT:  Do you have any separate side agreement

22   with the government or any other understanding that's been left

23   out of this agreement?

24               THE DEFENDANT:  I do not, your Honor.

25               THE COURT:  All right.  Under this agreement, there's

what's called a stipulated guideline range of 121 months' to

151 months' imprisonment.  That is the guideline range

according to the parties' agreement is 121 months' to 151

months' imprisonment with a guideline fine range of $35,000 to

$350,000.  This stipulation is binding on the government and

you, but not on me, and I will make my own calculation of your

sentence.  I don't have any reason to think that that's not the

appropriate guideline range, but I will be making my own

guideline calculation.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  The other thing I want to emphasize is

under the agreement, you're giving up your right to appeal or

challenge your sentence as long as I sentence you to no more

than 151 months' imprisonment.  That is within or below the

guideline range.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Having gone through these questions, do

you still wish to plead guilty pursuant to this agreement?

THE DEFENDANT:  I do, your Honor.

THE COURT:  Would you please tell me in your own words

what you did that makes you believe you are guilty of the

charge in Count Two, the wire fraud count?

THE DEFENDANT:  Between January 2016 and April 2019, I

obtained a loan from a financial institution by making false

representations about my ownership of assets that were

1    collateral for the loan.  Some of the relevant communications

2    were transmitted by wire and phone.  At least one of the

3    transactions passed through a bank in Manhattan, New York.  I

4    knew any conduct was illegal -- I knew my conduct was illegal.

5    I apologize.

6              THE COURT:  You knew at the time your conduct was

7    illegal?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  I will ask counsel for the government if

10   you believe that's a sufficient factual basis for the guilty

11   plea, or if you think there's any additional questioning that

12   would be warranted?

13             MR. ROTHCHILD:  Your Honor, the government would ask

14   that the defendant also allocute that the false representations

15   were about not only the defendant's assets but also the assets

16   of family members.

17             THE COURT:  OK.  Mr. Capser, let me just ask that

18   question, which is, were the false representations not only

19   about your assets but about you said family members' assets?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  That is accurate?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Any additional questioning you think is

24   necessary?

25             MR. ROTHCHILD:  No, your Honor.

1          THE COURT:  Let me ask defense counsel if you also

2     believe that there's a sufficient factual basis based on that

3     allocution for the guilty plea.

4          MR. WEINSTEIN:  Yes.

5          THE COURT:  And do you know of any reason I should not

6     permit your client to plead guilty?

7          MR. WEINSTEIN:  I do not.

8          THE COURT:  Mr. Capser, since you acknowledge that you

9     are in fact guilty as charged in Count Two of the indictment,

10    since I'm satisfied that you know your rights, including your

11    right to go to trial, that you are aware of the consequences of

12    your plea, including the sentence which may be imposed, I find

13    that you are voluntarily and knowingly pleading guilty, and I

14    accept your guilty plea and enter a judgment of guilty on the

15    count to which you've pleaded guilty, which is Count Two of the

16    indictment.

17         Now, I will set a date for sentencing.  Normally I set

18    a date about two and a half to three months out from the

19    current date to allow sufficient time for the probation

20    department to prepare the presentence report because they do an

21    investigation in connection with that.  So I'd be looking at

22    mid to late October if that's OK.

23         MR. WEINSTEIN:  I have a trial starting October 15.

24    Could we do it sometime early in November?

25         THE COURT:  Sure.  Is that OK with the government?

J72QcapP                    Plea

1          MR. ROTHCHILD:  Yes, your Honor.

2          THE COURT:  How about Friday, November 8?  Does that

3     work?

4          MR. WEINSTEIN:  Yes.

5          THE COURT:  It looks like we could do -- could we do

6     the morning, 11:00 a.m. that day?

7          MR. ROTHCHILD:  That works for the government, your

8     Honor.

9          THE COURT:  Is that OK, Mr. Weinstein?

10          MR. WEINSTEIN:  That's fine.  Thank you.

11          THE COURT:  Sentencing is set for November 8, 2019 at

12     11:00 a.m. in this courtroom.

13          Any written submissions on behalf of the defendant

14     would be due two weeks before that, which is October 25, and

15     the government's submissions will be due one week before that

16     date, which is November 1, 2019.

17          MR. WEINSTEIN:  Your Honor, I would also ask that the

18     Court order the final probation report a week before my final

19     submission is due so at least I have that to work from.

20          THE COURT:  OK.  I will send that along to probation

21     so they know that date.

22          Is there any objection to the present bond to be

23     continued to the date of sentencing?

24          MR. ROTHCHILD:  No, your Honor.

25          THE COURT:  Mr. Capser, all the conditions of your

1    release will continue to the date of sentencing, and obviously

2    a violation of those conditions could have a negative effect at

3    sentencing.  So please make sure you continue to comply with

4    those conditions.  Do you understand that?

5                THE DEFENDANT:  Yes, your Honor.

6                THE COURT:  And you must be in the courtroom on the

7    date and time I've set for sentencing.  It's a separate crime

8    if you don't show up.  You understand that?

9                THE DEFENDANT:  I do, your Honor.

10               THE COURT:  Thank you.

11               Is there anything further?

12               MR. ROTHCHILD:  Nothing from the government.

13               MR. WEINSTEIN:  No, your Honor.

14               THE COURT:  Thank you.  We are adjourned.

15               (Adjourned)

16

17

18

19

20

21

22

23

24

25