UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

              -v-

TODD CAPSER,
                         Defendant.

19-CR-337 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      On December 8, 2021, Defendant Todd Capser was sentenced to eighteen months' imprisonment followed by three years of supervised release after his conviction for wire fraud, in violation of 18 U.S.C. § 1343.  Capser, who has not yet surrendered to his designated Bureau of Prisons facility following a number of extensions, now moves for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  (*See* Dkt. No. 72.).  The Government opposes Capser's motion.  (*See* Dkt. No. 78.).  Capser has also moved for a further extension of his surrender date, set for Monday, July 11, 2022. (*See* Dkt. No. 79.).

**I.    Legal Standards**

    **A.    Sentence Reduction Under the First Step Act**

      "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  The First Step Act of 2018 provides that a district court "may reduce [the defendant's] term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a), . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

### B.     Exhaustion

As an initial matter, the First Step Act contains an exhaustion requirement. It allows a court to reduce a sentence "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

### C.     Extraordinary and Compelling Reasons

The defendant must also show that there are "extraordinary and compelling reasons" justifying a sentence reduction. A Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13, outlines circumstances that constitute such "extraordinary and compelling reasons,' including where the defendant is "suffering from a serious physical or medical condition." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). However, in *United States v. Brooker*, the Second Circuit held that Guidelines § 1B1.13 — which has not been amended since enactment of the First Step Act — is not "applicable" to compassionate release motions brought by defendants under the statute, and thus that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." 976 F.3d 228, 236-37 (2d Cir. 2020).

## II.    Discussion

### A.     Motion for Compassionate Release

Capser concedes that he cannot satisfy the statute's exhaustion requirement, as he has not begun his prison sentence and therefore is not in the custody of the BOP. Capser nonetheless maintains that the Court should consider and grant his request for compassionate release.

Relying on Judge Rakoff's reasoning in *United States v. Austin*, Capser argues that because he is "subject to a federal sentence" and because his "incarceration is not a distant or a hypothetical possibility," he may at this time petition for relief. 3d 641, 643-44 (S.D.N.Y. 2020).

The Court does not agree. District courts in this circuit have indeed recognized that in some "unusual circumstances," such as when a defendant has already served a lengthy prison sentence and faces reincarceration, he need not be in BOP custody to petition for compassionate release. *See, e.g.*, *United States v. Buie*, No. 05 Crim. 664, 2020 WL 7490106, at *2 (S.D.N.Y. Dec. 21, 2020). In *Austin*, for example, the defendant had been released from custody after serving eleven years of a fifteen-year sentence, a "substantial" period of imprisonment that Judge Rakoff noted had already "fully achieved" the purposes of his original sentence. 468 F. Supp. 3d at 644.

Capser, by contrast, has yet to begin serving his sentence. He does not fall into the "narrow and exceptional situation" that *Austin* and other such cases describe. *Id.*

Moreover, even if the Court concluded that it could grant Capser compassionate release at this time, the Court does not find that there are "extraordinary and compelling reasons" to do so. Capser cites his worsening health problems and the necessity of ongoing neurological care. This Court already considered Capser's medical condition in imposing an eighteen-month sentence, and Capser has provided no compelling argument why FCI Butner — or the excellent medical centers, including Duke Neurosurgery and the UNC Neurosurgery Department, both located about thirty miles away — cannot address his neurological care.

Should Capser's health status significantly worsen, or should he find that he cannot obtain adequate care during his incarceration, he may renew his request with this Court after exhausting his administrative remedies with the BOP.

    **B.**    **Request for Extension of Surrender Date**

Capser was originally set to surrender to his designated BOP facility on February 15, 2022. This Court has granted numerous extensions of this date in response to specific requests pertaining to Capser's medical needs. At this time, Capser has had ample notice of and time to prepare for his surrender date, and the Court sees no valid reason to grant another extension.

**III.**    **Conclusion**

For the foregoing reasons, Capser's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied, and Capser's motion to extend his surrender date is also denied.

    SO ORDERED.

Dated: July 7, 2020
       New York, New York

                                                  J. PAUL OETKEN
                                                United States District Judge